DALLENBACH SAND COMPANY, INC., A CORPORATION OF NEW JERSEY, JONES ROAD MATERIAL CO., A CORPORATION OF NEW JERSEY AND SAND HILL MINE, INC., A CORPORATION OF NEW JERSEY, AND GEORGE AND CAESAR BELLIZIO, T/A BELLIZIO BROS., A TRADE NAME, PLAINTIFFS-RESPONDENTS, v. MAYOR AND TOWNSHIP COMMITTEE OF SOUTH BRUNSWICK TOWNSHIP, NEW JERSEY, AND THE TOWNSHIP OF SOUTH BRUNSWICK, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 19, 1966—Decided February 1, 1966.

Before Judges GAULKIN, LABRECQUE and BROWN.

*Mr. Irving Verosloff* argued the cause for defendants.

*Mr. Frederick F. Richardson* argued the cause for plaintiffs.

PER CURIAM. Judge Thompson held that *N. J. S. A.* 34:6–98.1 *et seq.,* and Safety Regulation No. 12 adopted thereunder, do not bar a municipality from passing ordinances to take care of its special problems, provided those ordinances are reasonable and comply with the standards established by the legislation and the rules and regulations promulgated by the Commissioner of Labor and Industry. *N. J. S. A.* 34:6–98.10; *Fred v. Mayor, etc., of Old Tappan,* 10 *N. J.* 515 (1952); *L. P. Marron & Co. v. Township of Mahwah,* 39 *N. J.* 74 (1963); *Wulster v. Borough of Upper Saddle River,* 41 *N. J. Super.* 199 (*App. Div.*), certification denied 22 *N. J.* 268 (1956). See also *Huron-Portland Cement Co. v. City of Detroit,* 362 *U. S.* 440, 80 *S. Ct.* 813, 4 *L. Ed. 2d* 852 (1960); *Masters-Jersey, Inc. v. Mayor, etc., of Borough of Paramus,* 32 *N. J.* 296, 302 (1960). He held that certain sections of ordinance 8-63 are valid and others invalid, for reasons stated in his opinion. However, he held that the entire ordinance was invalid because, although the ordinance purported to be passed under the township's police power, its section 10 empowered the zoning board of adjustment to grant "variances from the strict enforcement of one or more of the regulations herein contained * * * in the event it finds that the literal enforcement of one or more of the regulations * * * is unduly impracticable or will exact undue hardship upon the applicant." The ordinance contained no other standards for the grant or denial of variances. *Cf.* section 1.3 of said Safety Regulation No. 12, which provides:

"EXCEPTIONS In cases of practical difficulty or unnecessary hardship, the Commissioner may grant exceptions from this Regulation provided that a request for such exception has been made in writing. Exceptions can only be granted when it is clearly evident that a satisfactory, safe and sanitary condition is attained, but cannot be granted in any case where conflict would be created with mandatory requirements of the law."

Judge Thompson held:

"[T]he attempt to extend the power of the Zoning Board of Adjustment into the area of police regulations is without precedent. The ordinance herein is not a zoning ordinance. It is in effect an ordinance regulating the method of operation under a non-conforming use.

Whether a municipality may 'borrow' an organized body to hear grievances and grant relief from the strict enforcement of the provisions of an ordinance is the question that must be answered.

Could a Zoning Board of Adjustment be given broad powers to hear appeals from the strict enforcement of a 'Noise Ordinance' or a 'Swimming Pool Ordinance?' The court thinks not. The Zoning Board is created by statute and limited in its powers to the statutory grant of R. S. 40:55–39.

The lack of standards by which a supervisory board would proceed is another factor which would compel a nullification of this section. The wide discretion given by the phrase 'unduly impracticable or will exact undue hardship upon the applicant' is not tempered by any guidelines.

In view of the fact that the provisions of the Ordinance were enacted in relation to Section 10, and which section is such an integral part of the Ordinance, it is the court's opinion that the entire Ordinance is invalid."

We express no opinion upon whether a police power ordinance affecting an industry may empower any board, and especially a nonprofessional one, to grant exceptions or variances from its terms. Suffice it to say that in the case before us we agree with the above quotation from Judge Thompson's opinion. See also *Duffcon Concrete Prods., Inc. v. Borough of Cresskill,* 1 *N. J.* 509 (1949) ; *Saddle River Country Day School v. Borough of Saddle River,* 51 *N. J. Super.* 589, 604 (*App. Div.* 1958), affirmed o. b. 29 *N. J.* 468 (1959) ; *State v. Caez,* 81 *N. J. Super.* 315 (*App. Div.* 1963) ; *Tzeses v. Board of Trustees of South Orange,* 22 *N. J. Super.* 45, 54 (*App. Div.* 1952), certification denied *Rush v. Board of Ad-*

*justment of Village of South Orange,* 11 *N. J.* 327, 94 *A. 2d* 548 (1953).

■ The township argues that even if section 10 is invalid, it should not affect the remainder of the ordinance, especially since the ordinance contains a severability clause. We disagree. Judge Thompson found several sections of the ordinance unreasonable or *prima facie* in conflict with or entrenching upon the statute and said Safety Regulation No. 12. We cannot assume that the township would have adopted this ordinance and all of its provisions, in the face of *N. J. S. A.* 34:6–98.1 *et seq.* and Safety Regulation No. 12, if the variance escape hatch was not provided. To put it another way, without such an escape hatch the municipality might have adopted an entirely different ordinance. Therefore, we agree that ordinance 8-63 must fall *in toto.*

We express no opinion on the individual sections of the ordinance under attack because the municipality may choose not to re-enact them.

The judgment is affirmed.